*560 OPINION OF THE COURT
John W. Sweeny, J.
In each of the above-entitled writs of habeas corpus, consolidated for the purpose of this decision and judgment, the petitioners challenge the authority of the Division for Youth (DFY) to continue their incarceration in a secure facility (the Goshen Center).
Each petitioner has been held at the Goshen Center beyond the maximum period set by .the respective Family Court orders or authorized by the provisions of section 753-a of the Family Court Act as that section read at the time each petitioner was placed by the Family Court.
The enactment was amended, effective September 1, 1978, to provide in subdivision 6 that the DFY "shall retain the power to continue the confinement * * *, in a secure or other residential facility beyond the periods specified by the court, within the term of the placement.” (Emphasis supplied.)
Although petitioners were placed prior to the effective date of this amendment, the respondent contends that the amendment was merely a corrective move by the Legislature to clear up some ambiguity in the law. It is claimed that the DFY possessed the authority to continue a youth’s confinement in a secure facility prior to this amendment.
The respondent contends further that, contrary to petitioners’ basic position, the prohibition against an "ex post facto” application of an increase in the gravity of a punishment (US Const, art I, § 10) does not apply to juvenile delinquency proceedings (Family Ct Act, art 7) since they are not criminal proceedings.
This court must reject any suggestion that juvenile delinquency proceedings are not sufficiently criminal in nature so as to fall within the constitutional prohibition against an ex post facto application of the law. Even though both proceedings are established by the Family Court Act, certainly no analogy can be attempted between "civil” paternity proceedings and quasi-criminal juvenile delinquency proceedings, as respondent argues (cf. Matter of Gregory W., 19 NY2d 55).
As petitioners point out, the courts have readily acknowledged that practically every basic constitutional protection available to an adult in a criminal proceeding must be available to juveniles (see, e.g., Matter of Gault, 387 US 1 [self incrimination]; Matter of Winship, 397 US 358 [proof beyond *561 reasonable doubt]; Breed v Jones, 421 US 519 [double jeopardy]).
Therefore, this court has little hesitation in declaring that the prohibition against ex post facto laws must be made applicable to the quasi-criminal proceedings held pursuant to article 7 of the Family Court Act.
Turning then to the question whether the 1978 amendment to section 753-a was intended as merely corrective legislation, this court concludes that it was not so intended by the Legislature.
Only by a severely strained and impermissible interpretation of the other provisions of section 753-a can the law as it existed prior to September, 1978 be construed as statutory authority for the DFY to continue the secured confinement of the petitioners beyond the maximum set by the Family Court.
The use of the words "retain the power” does imply that the DFY already had the power to continue secure confinements. However, with respect to this issue, the memorandum of the Rules Committee for chapter 478 of the Laws of 1978 merely indicates that the bill would "(5) authorize the Division for Youth to continue the confinement of a youth in a secure * * * facility * * * not to exceed the maximum term of placement” (emphasis supplied). (NY Legis Ann, 1978, p 282.) There is no allusion to any prior misunderstanding of the meaning of the statute and the need for corrective legislation. The report seems to clearly indicate that the Legislature was providing the DFY with some new authority not previously possessed by it.
In light of this legislative memorandum and the lack of any serious basis in the prior law, the court believes that the DFY has in these cases erroneously attempted to retroactively apply the authority vested in it on September 1, 1978.
Therefore, the writs in question are sustained and the respondent is hereby directed to forthwith effect the removal of petitioners from the Goshen Center in accordance with the respective Family Court orders.